UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL CABELLO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WALTER L. RICCI, et al.,<br><br>Defendants. | Case No. 19-cv-02232-HSG<br><br>**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**<br><br>Re: Dkt. Nos. 2, 4 |

Pending before the Court are Plaintiffs' motions to proceed in forma pauperis. Dkt. Nos. 2, 4. Plaintiffs Manuel and Dana Cabello bring this action against Walter L. Ricci, Hamilton, Ricci & Associates, Inc., Christopher J. Connolly, and Judge Ronni B. MacLaren of the Superior Court of California for Alameda County. Dkt. No. 1 ("Compl."). Plaintiffs' motion to proceed in forma pauperis is **DENIED** and the Court **DISMISSES** the Complaint without leave to amend as to Defendant Judge MacLaren and with leave to amend as to the remaining Defendants.

## I. LEGAL STANDARD

The Court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be litigants cannot pay the filing fees necessary to pursue the action and that the action is not frivolous or malicious. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). 28 U.S.C. § 1915(e)(2) mandates that the Court review an in forma pauperis complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.7. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127-31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiffs must provide the grounds that entitle them to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiffs are pro se, the Court construes their pleadings liberally and affords them the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## II. DISCUSSION

Even construing the Complaint liberally and affording Plaintiffs the benefit of the doubt, the Court finds that Plaintiffs' Complaint does not state any cognizable claims. In brief, it appears that their Complaint is seeking relief from Judge MacLaren's order dismissing Plaintiffs' complaint in the respective state court action. *See* Dkt. No. 1 ("Compl."). Although Plaintiffs name multiple Defendants, Plaintiffs only allege claims against Judge MacLaren and Mr. Connolly, who Plaintiffs contend represented Mr. Ricci and Hamilton, Ricci & Associates in the state court action. *See id*. at 2, 5–10. Plaintiffs attempt to assert federal question jurisdiction by alleging violations of various federal statutes, specifically: (1) "Federal Rule 60(d)(3)(4)(5) [sic]" against Judge MacLaren and Mr. Connolly; (2) 18 U.S.C. § 242 against Judge MacLaren; and (3) 28 U.S.C. § 453 against Judge MacLaren. *Id*. at 5–8. Plaintiffs also attempt to bring state law claims against Judge MacLaren and Mr. Connolly for violations of "[California] Evidence Code, Division 5" and "California Law (Chapter 173, Statutes of 2009)." *Id*. at 9–11.

As to Judge MacLaren, all the actions Plaintiffs allege she committed were within her role as a judicial officer. *See, e.g.*, *id*. at 5 ("[Judge] MacLaren accepted false documents and claims from Defendants [ ] and dismissed Plaintiffs irrefutable proof to the contrary"), 6 ("[Judge] MacLaren's fraudulent Judgment harmed the Plaintiffs"), 7–8 ("Plaintiffs were harmed because

2

[Judge] MacLaren did not follow her oath of office and she rejected irrefutable facts and documents which prove the Plaintiffs' case"). Judges are absolutely immune from civil liability for damages for acts performed in their judicial capacities. *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967) (judges immune from liability for damages for acts committed within their judicial discretion; immunity extends to suits under 42 U.S.C. § 1983). Nor do Plaintiffs' conclusory allegations that Judge MacLaren acted maliciously render Plaintiffs' claims cognizable. *Twombly,* 550 U.S. at 555 (formulaic recitation of elements of cause of action insufficient to raise right to relief above speculative level); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (judge is not "deprived of immunity because the action [s]he took was in error, was done maliciously, or in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction.") (quotations and citation omitted); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity not overcome by allegations of bad faith or malice). Therefore, because the actions challenged by Plaintiffs are functions routinely performed by judges in their judicial capacity, and because judges have absolute immunity for acts performed in their judicial roles, Judge MacLaren is **DISMISSED** from this action **WITH PREJUDICE**.

For the remaining Defendants, Plaintiffs do not state a cognizable federal claim against any of them. First, there are no claims alleged against Mr. Ricci and Hamilton, Ricci & Associates, and Plaintiffs fail to coherently describe any wrongdoing by those Defendants. Compl. at 5–10. Second, the federal statute asserted against Mr. Connolly, Federal Rule of Civil Procedure 60(d), is not applicable and does not provide a cause of action upon which relief can be granted. *See* Fed. R. Civ. P. 60 (relief from federal judgments). Therefore, all the federal claims are **DISMISSED** as to the remaining Defendants.

Having dismissed all the federal claims, the Court may decline to exercise supplemental jurisdiction over the remaining two state claims. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). Plaintiffs' Complaint does not contend that there is diversity jurisdiction. Compl. at 2. Even if the Court were to exercise its supplemental jurisdiction over the state law claims, Plaintiffs do not set forth any facts as to how Mr. Connolly has violated the generically-cited sections of the California statutes and regulations. *See id*. at 9–

3

10. Nor do Plaintiffs adequately plead how the cited sections provide any legal authority for any cognizable claims. The remaining state claims are therefore **DISMISSED**.

"Although a pro se litigant . . . may be entitled to great leeway when the court construes [her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The Court finds that Plaintiffs have failed to meet that minimum threshold and accordingly **DENIES** their request for leave to proceed in forma pauperis and **DISMISSES** their Complaint.

### III. CONCLUSION

Despite these deficiencies, and while the Court is doubtful that Plaintiffs can successfully amend their claims, the Court cannot say at this stage that amending the complaint, as to the remaining Defendants only, would be entirely futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiffs' Complaint against Judge MacLaren is dismissed with prejudice and without leave to amend, but Plaintiffs at least in theory may be able to allege sufficient facts to state a claim against the remaining Defendants. *See Lopez*, 203 F.3d at 1130. Plaintiffs shall file an amended complaint by no later than May 24, 2019. In the amended complaint, Plaintiffs should clearly identify: (1) each legal claim; (2) the facts supporting each claim; and (3) the defendant against whom the claim is alleged. Failure to file an amended complaint by the deadline may result in the dismissal of the action in its entirety without further leave to amend. In addition, Plaintiffs' amended complaint will be dismissed if it does not correct the deficiencies the Court has identified in this Order.

Alternatively, Plaintiffs may pay the required filing fee by the May 24, 2019 deadline.

**IT IS SO ORDERED.**

Dated: 4/26/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

4