UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL CABELLO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WALTER L. RICCI, et al.,<br><br>Defendants. | Case No. 19-cv-02232-HSG<br><br>**ORDER DISMISSING CASE WITHOUT LEAVE TO AMEND** |

On April 26, 2019, the Court denied Plaintiffs' application to proceed *in forma pauperis* and dismissed Plaintiffs' complaint for failure to state a claim. Dkt. No. 5 ("Order").[1] In its Order, the Court explained the complaint's deficiencies and directed Plaintiffs to file an amended complaint remedying the deficiencies, or pay the required filing fee by May 24, 2019. The Court made clear in its Order that failure to correct the deficiencies would result in the dismissal of this action. *Id.* at 4.

Plaintiffs did not pay the filing fee and instead elected to file an amended complaint on May 24, 2019. *See* Dkt. No. 6. Plaintiffs' amended complaint suffers from the same deficiencies as does Plaintiffs' original filing. *See* Dkt. No. 6. As the Court's Order previously explained, Plaintiffs must state a cognizable claim and coherently describe the facts supporting each claim and the specific Defendant against whom the claim is alleged. Order at 3–4. Plaintiffs still do not state any cognizable claims against Defendants, as the amended complaint is based entirely on criminal statutes for which there is no private right of action (18 U.S.C. §§ 152, 157(3), 1519).

---

[1] The Court dismissed the complaint without leave to amend and with prejudice as to Judge Ronni B. MacLaren of the Superior Court of California for Alameda County, and dismissed the complaint with leave to amend as to the remaining Defendants. Dkt. No. 5.

*See Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Glassey v. Amano Corp.*, No. C-05-01604RMW, 2006 WL 889519, at *3 (N.D. Cal. Mar. 31, 2006), *aff'd*, 285 F. App'x 426 (9th Cir. 2008) ("Private parties generally lack standing to enforce federal criminal statutes … [Plaintiff] lacks standing to enforce any cause of action based on Title 18 that he has alleged."). Plaintiffs' claims must be dismissed on this fundamental deficiency alone.

Notwithstanding this dispositive flaw, Plaintiffs' amended complaint also fails to meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b) when alleging claims of fraud. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). In short, a fraud claim must state "the who, what, when, where, and how" of the alleged conduct, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Ronconi v. Larkin*, 252 F.3d 423, 429 & n.6 (9th Cir. 2001). The amended complaint does not provide any specific facts underlying the alleged fraudulent acts, and instead makes conclusory assertions that Defendants fabricated "a false document," made a "fraudulent appraisal," and made a "false claim under oath." Dkt. No. 6 at 3. It is still unclear who Defendants even are (*e.g.* it is uncertain from the face of the amended complaint whether Plaintiffs are attempting to bring in a new Defendant, Emily Williams) and what specific wrongdoing Plaintiffs attribute to which Defendants. Plaintiffs' allegations are patently insufficient to allege claims based on fraud.

While "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations omitted), the Court need not grant leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotations omitted). Despite Plaintiffs' notice of the deficiencies and their opportunity to amend, Plaintiffs still demonstrate an inability to state any legally cognizable claims for relief, and the Court is therefore convinced that Plaintiffs cannot cure the defects

1 identified in the Court's Order.

2 The Court therefore **DISMISSES** the case without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotations omitted)). The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 5/31/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge